```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
──────────────────────────────────────

ABS ENTERTAINMENT, INC., ET AL.

     Plaintiffs,

 - against -

CBS CORPORATION, ET AL.,

     Defendants.

15-cv-6801

<u>OPINION AND ORDER</u>

──────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

  On August 28, 2015, ABS Entertainment, Inc., filed a class action complaint, on behalf of itself and other owners of sound recordings, against CBS Corporation, CBS Radio, and various Does. As reflected in the First Amended Class Action Complaint ("FACAC") filed on October 30, 2015, Barnaby Records, Brunswick Record Corporation and Malaco Inc. joined the action as plaintiffs. The plaintiffs allege that CBS and its subsidiaries broadcast sound recordings that the plaintiffs claim to own through broadcast radio channels, HD radio channels, the Internet, and its stations' websites without the plaintiffs' consent. The plaintiffs allege that CBS did not obtain the necessary performance rights licenses and did not pay public performance royalties to the owners of the sound recordings of works that were recorded prior to February 15, 1972.

  The plaintiffs allegedly own sound recordings that were recorded before 1972, prior to the amendment of the Copyright

1

Act that added "sound recordings" to the list of protected works. See 17 U.S.C. § 102(a)(7). Thus, the class complaint only alleges violations of state law. There is complete diversity in this case, see FACAC ¶¶ 9-12, and this Court has jurisdiction under 28 U.S.C. § 1332.

The gist of the class complaint is that CBS violated the public performance rights of pre-1972 recordings, and that these pre-1972 recordings are protected under New York common law. The class complaint alleges (1) common law copyright infringement of pre-1972 recordings and (2) unfair competition. As part of their common law copyright infringement claim, the plaintiffs seek compensatory damages in excess of $5,000,000, punitive damages, attorneys' fees and costs, prejudgment interest, and an injunction enjoining and restraining CBS and its subsidiaries from infringing the plaintiffs' copyrights. The parties disagree about whether there is a right to common law copyright protection under New York law.

The issue before this Court on the current motion is a narrow one, namely the statute of limitations that applies to the common law copyright infringement claim. By mutual agreement, the parties filed submissions to this Court addressing the issue of what statute of limitations should apply to this claim. The plaintiffs argue for a longer statute of limitations of six years under New York Civil Practice Law &

Rules ("C.P.L.R.") § 213(1), a catchall provision for claims for which the C.P.L.R. does not prescribe a specific statute of limitations. See N.Y. C.P.L.R. § 213(1). CBS contends that a three-year limitations period should apply to the plaintiffs' common law copyright infringement claim under C.P.L.R. § 214(4) because the claim is "an action to recover damages for an injury to property." N.Y. C.P.L.R. § 214(4).

The Court will take the parties' submissions as a motion to dismiss all claims for copyright infringement under New York law that accrued more than three years before the present lawsuit was filed. Accordingly, the applicable standard is the standard under Federal Rule of Civil Procedure 12(b)(6). In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiffs' favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007); Arista Records LLC v. Lime Grp. LLC, 532 F. Supp. 2d 556, 566 (S.D.N.Y. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss a claim if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.

3

544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiffs, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.

Section 214(4) states that a three-year statute of limitations applies to "an action to recover damages for an injury to property," and the six-year statute of limitations in C.P.L.R. § 213(1) only applies when the C.P.L.R. does not prescribe a specific statute of limitations. The issue, therefore, is whether the plaintiffs' copyright infringement claim is an action for damages to "property" under C.P.L.R. § 214(4) or whether the plaintiffs' claim instead falls under the catchall provision of C.P.L.R. § 213(1). The parties recognize the inconsistent outcomes in Capitol Records, LLC v. Harrison Greenwich, LLC, 986 N.Y.S.2d 837, 838 (Sup. Ct. 2014) and Flo & Eddie, Inc. v. Sirius XM Radio Inc., 80 F. Supp. 3d 535, 541 (S.D.N.Y. 2015) on this issue, with the state court in Harrison applying the catchall six-year statute of limitations provision, and the district court in Flo & Eddie applying the three-year statute of limitations under C.P.L.R. § 214(4). Where state law

4

is unsettled, a court must predict how the state's highest court would resolve the issue. In re Thelen LLP, 736 F.3d 213, 219 (2d Cir. 2013). While the decisions of a state's lower courts are instructive, it is also appropriate to consider the decisions of courts of other jurisdictions. Id.

CBS argues that C.P.L.R. § 214(4) applies on its face to the copyright infringement claim because the copyright in the sound recordings are "property" and a claim of infringement is an "injury to property." The term "property" in C.P.L.R. § 214(4) is broad and does not exclude intellectual property, or other intangible property. Section 214(4) is not limited to tangible or real property; the plain meaning of "property" is broad enough to encompass intangible property, like intellectual property in the form of sound recordings or trade secrets. See Black's Law Dictionary 1410 (10th ed. 2014) ("Collectively, the rights in a valued resource such as land, chattel, or an intangible."). The plain language of C.P.L.R. § 214(4) thus does not support limiting the three-year statute of limitations in C.P.L.R. § 214(4) to tangible property as ABS suggests.

Moreover, well-established case law on analogous causes of action supports applying the three-year statute of limitations in C.P.L.R. § 214(4) to a claim of common law copyright infringement. Courts in New York have applied C.P.L.R. § 214(4) to a variety of claims involving intellectual property. For

example, claims of misappropriation of trade secrets are typically governed by a three-year statute of limitations under C.P.L.R. § 214(4). Andrew Greenberg, Inc. v. Svane, Inc., 830 N.Y.S.2d 358, 362 (App. Div. 2007); see also Ferring B.V. v. Allergan, Inc., 932 F. Supp. 2d 493, 510 (S.D.N.Y. 2013), reconsideration denied, No. 12-cv-2650 (RWS), 2013 WL 4082930 (S.D.N.Y. Aug. 7, 2013). New York courts also apply C.P.L.R. § 214(4) to misappropriation of design claims and unfair competition claims. Zinter Handling, Inc. v. Gen. Elec. Co., 956 N.Y.S.2d 626, 630 (App. Div. 2012); Sporn v. MCA Records, Inc., 451 N.Y.S.2d 750, 751 (1982), aff'd, 448 N.E.2d 1324 (N.Y. 1983).

On the specific issue whether C.P.L.R. § 214(4) applies to a claim for common law copyright infringement, the case law is mixed. The district court in Flo & Eddie concluded that common law copyright infringement is a cause of action for "injury to property" and that the alleged unauthorized use of the plaintiff's copyright amounted to the "the type of tort" to which C.P.L.R. § 214(4) applies. Flo & Eddie, 80 F. Supp. 3d at 541-42. But the plaintiffs point out that the Harrison court rejected the argument that C.P.L.R. § 214(4) applies to a common law copyright infringement claim, concluding that it was improper to analogize a common law copyright infringement claim to "trespass to chattel." 986 N.Y.S.2d at 838. However, the

6

Harrison court did not explain why copyright infringement is not, on its face, a claim for damages to property or why intangible property does not constitute "property" under C.P.L.R. § 214(4).

Moreover, neither the plaintiffs nor the Harrison court provide a basis on which to justify applying the three-year statute of limitations to misappropriation of trade secrets and unfair competition, claims involving so-called intangible property, and not applying the same statute of limitations to common law copyright infringement claims. The defendants persuasively argue that a six-year limitations period for common law copyright infringement would be inconsistent with the limitations period that applies to other claims concerning intangible property. Thus, the plain language of C.P.L.R. § 214(4) and New York case law on analogous causes of action supports applying the three-year statute of limitations in C.P.L.R. § 214(4) for injury to property to the common law copyright infringement claim.

The plaintiffs also argue that the statute of limitations in C.P.L.R. § 214(4) should not apply in this case because the plaintiffs seek disgorgement of profits and an injunction enjoining the defendants from infringing the copyrights in pre-1972 recordings. The plaintiffs contend that C.P.L.R. § 214(4) can only apply to cases where the relief sought is purely

7

monetary because the language of C.P.L.R. § 214(4) mentions only an action for "damages." C.P.L.R. § 214(4).

The plaintiffs argue that the statute of limitations for the claim for equitable relief should control both the equitable relief and the money damages claim. The plaintiffs point to breach of fiduciary cases where plaintiffs sought legal and equitable relief arising from claims of breach of fiduciary duty and where the court applied the six-year statute of limitations to the claims for equitable relief *and* money damages. See, e.g., DiBartolo v. Battery Place Assocs., 922 N.Y.S.2d 357, 358 (App. Div. 2011). But the plaintiffs in this case do not allege breach of fiduciary claims and do not cite to any cases that applied the statute of limitations analysis for breach of fiduciary claims in the context of a common law copyright infringement claim.

Moreover, the New York Court of Appeals recently clarified that there is no single statute of limitations for breach of fiduciary claims. Rather courts determine the applicable limitations period—three years under C.P.L.R. § 214(4) or six years under C.P.L.R. § 213(1)—by analyzing the substantive remedy that the plaintiff seeks. IDT Corp. v. Morgan Stanley Dean Witter & Co., 907 N.E.2d 268, 272 (N.Y. 2009). Where the equitable relief is merely incidental to the relief of damages, the statute of limitations for the damages claim controls. Id.

In IDT, the Court of Appeals held that the plaintiff "primarily" sought damages and that the equitable relief it sought "including the disgorgement of profits" was "incidental to that relief." Id. Therefore, the Court of Appeals applied the three-year statute of limitations in C.P.L.R. § 214(4).

Here, the plaintiffs' primary relief is for damages in excess of $5,000,000 for CBS' past alleged common law copyright infringement. The only equitable portion of the relief sought for the common law copyright infringement claim is for an injunction. The injunction is only a remedy going forward; this is not a case where the plaintiffs have pleaded that relief at law would be inadequate and where equitable relief is the only adequate form of relief. See id.

Furthermore, in New York, "[i]t is settled law that where, as here, both 'a legal and an equitable remedy exists as to the same subject-matter, the latter is under the control of the same statutory bar as the former.'" Grosz v. Museum of Modern Art, 772 F. Supp. 2d 473, 481 (S.D.N.Y. 2010), aff'd, 403 F. App'x 575 (2d Cir. 2010) (quoting Keys v. Leopold, 149 N.E. 828 (N.Y. 1925)). Where there are concurrent remedies at law and in equity, the plaintiff cannot enlarge the limitations period for the claim seeking damages relief by also seeking equitable relief. In their submissions, the plaintiffs state that they seek relief in the form of disgorgement of profits and an

accounting. The class complaint does not seek this form of relief as part of the copyright infringement claim, although that request for relief does appear as part of the unfair competition claim. But the request for equitable relief in the form of a disgorgement and an accounting does not enlarge the limitations period for the claim for monetary damages. See Klein v. Bower, 421 F.2d 338, 344 (2d Cir. 1970) ("New York courts have long held that a prayer for equitable relief will not bring an action under the longer limitations period for equity actions when full relief can be granted at law. . . . The prayer for an accounting in cause number three and the prayer for rescission in cause number five are not enough to bring the action within the longer equity period."). And the "disgorgement" of the defendants' profits the plaintiffs seek is in essence a claim for monetary damages, not a request for equitable relief. See Access Point Med., LLC v. Mandell, 963 N.Y.S.2d 44, 46-47 (App. Div. 2013) (explaining that disgorgement typically arises in cases where recovery is sought from a third party and where a simple judgment against the defendant would not provide the necessary relief).

While the plaintiffs cannot extend the statute of limitations for damages by requesting equitable remedies, if legal remedies provide an incomplete or imperfect remedy, equitable claims remain separate and subject to their own six-

year statute of limitations period under C.P.L.R. § 213(1). See In re Methyl Tertiary Butyl Ether (MTBE) Products Liab. Litig., No. 04-cv-2389 (SAS), 2007 WL 1601491, at *3-*4(S.D.N.Y. June 4, 2007); Merine v. Prudential-Bache Util. Fund, Inc., 859 F. Supp. 715, 725 (S.D.N.Y. 1994) ("The Court concludes that the six-year limitations period of § 213(1) governs Merine's request for a share exchange, but that the three-year limitations period of § 214(4) governs his request for damages." (citing Kearney v. Atlantic Cement Co., 306 N.Y.S.2d 45, 47 (App. Div. 1969)).

In this case, the plaintiffs stress the importance of an injunction as a remedy to prevent ongoing copyright infringement including for those plaintiffs who may not have a legal remedy because their claims for damages are time-barred. Hence, while plaintiffs cannot extend the statute of limitations for their damages claims beyond three years, they have a claim for an injunction governed by a six-year statute of limitations.

For the reasons stated above, the plaintiffs cannot pursue an action for damages for common law copyright infringement for claims that arose more than three years before the filing of the complaint. Thus, the defendants' motion to dismiss claims seeking damages based on conduct that took place outside the three-year statute of limitations is granted with respect to the common law copyright infringement claims seeking damages.

## CONCLUSION

The Court has considered all of the arguments of the parties. Any arguments not explicitly addressed herein are either moot or without merit. For the foregoing reasons, CBS' motion to dismiss common law copyright infringement claims that fall outside the three-year statute of limitations under C.P.L.R. § 214(4) is granted with respect to the plaintiffs' claims for damages. The parties should manage discovery accordingly. The Clerk is directed to close Docket No. 51.

**SO ORDERED.**

**Dated:**     **New York, New York**
                **February 17, 2016**

                                           _____/s/_____

                                                     **John G. Koeltl**
                                        **United States District Judge**