UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABS ENTERTAINMENT, INC., an Arkansas corporation, BARNABY RECORDS, INC., a California corporation, BRUNSWICK RECORD CORPORATION, a New York corporation and MALACO, INC., a Mississippi corporation, each individually and on behalf of all others similarly situated, | Civil Action No. 1:15-cv-06801 |
| Plaintiffs, | Judge John G. Koeltl |
| v. | Magistrate James L. Cott |
| CBS CORPORATION, a Delaware corporation; CBS RADIO INC., a Delaware corporation; and DOES 1 through 10, | |
| Defendants. | |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' LOCAL RULE 56.1 STATEMENT

Plaintiffs ABS ENTERTAINMENT, INC., BARNABY RECORDS, INC.,

BRUNSWICK RECORD CORPORATION and MALACO, INC. hereby respond to Defendants'

Local Rule 56.1 Statement, ECF 82. None of the alleged undisputed facts submitted by

Defendants are sufficient to support summary judgment on Defendants' Motion. Nonetheless,

Plaintiffs respond below and provide evidence contesting Defendants' alleged undisputed facts.

Supporting evidence is found in, or attached as an exhibit to, the Declaration of Bill

Inglot ("Inglot Decl."), the Declaration of Durand Begault ("Begault Decl."), the Declaration of

Seth Neiman ("Neiman Decl."), the Declaration of Jeff Sottolano ("Sottolano Decl."), the

Declaration of Stacy Benson ("Benson Decl."), the Declaration of Andrew Strabone ("Strabone

Decl."), the Declaration of Paul Gelusa ("Gelusa Decl."), the Declaration of Don Wilson

("Wilson Decl."), the Declaration of Lawrence Kartiganer ("Kartiganer Decl."), the Declaration

of Paul Tarnopol ("Tarnopol Decl."), the Declaration of Thomas Couch, Sr. ("Couch Decl."), the

Declaration of Robert Emmer ("Emmer Decl."), the Declaration of Matthew Johnson ("Johnson

Decl."), and the Declaration of Alan Block ("Block Decl.")

1.      CBS does not create or maintain records which include any of the songs that plaintiffs claim to own showing the names and other information ("playlist records") for the sound recordings it publicly performs through radio broadcasts on its terrestrial (AM and FM band) radio stations. (Sottolano Decl. ¶ 3.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 1**:

Disputed. CBS simulcasts its terrestrial radio broadcasts over the Internet for each of its

80 music radio stations on Radio.com. A third party named Triton Digital creates reports

identifying each sound recording that is so simulcast by CBS on Radio.com (the "Triton

Reports"). The Triton Reports are thus "records showing the names and other information

('playlist records') for the sound recordings it publicly performs through radio broadcasts on its

terrestrial (AM and FM band) radio stations." CBS provides the Triton Reports to

SoundExchange. Neiman Depo., at 28:18-31:22 (Ex. 4 to Block Decl.); CBS's response to

Interrogatory No. 17 (Ex. 13 to Block Decl.); Summary of Triton Reports (Ex. 7 to Block Decl.);

Block Decl., ¶¶ 18-21.

2.      CBS does not create or maintain records that would indicate the source of the sound recordings it publicly performs through radio broadcasts on its terrestrial radio stations. (Sottolano Decl. ¶ 9.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 2**:

Disputed. The Triton Reports list the album from which the sound recording was

derived, thus indicating the source of the sound recordings CBS publicly performs. (Ex. 7 to

Block Decl.); Block Decl., ¶¶ 18-21. The Radio.com reports showing the sound files stored on

Radio 2.0 also show the song and album titles. (Neiman Decl., at ¶ 12). Additionally, CBS has

provided a list of the CDs from which the recordings publicly performed on radio.com are

derived, again indicating the source of the sound recordings CBS publicly performs.

3.      CBS does not create or maintain records regarding the source of the sound recordings it publicly performs through streaming of those sound recordings on its Internet-based music services.  (Neiman Decl. ¶ 5.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 3**:

Disputed.  In his declaration, Mr. Neiman states that CBS's records for Radio 2.0 (CBS's

database of sound files) include information showing the title of each recording and album that

was loaded therein.  Neiman Decl., at ¶¶ 4-7.

4.      As a general practice, the sound recordings that CBS publicly performs are digital files that come either from CDs that are purchased, given to CBS, or otherwise acquired, or from digital download.  (Sottolano Decl. ¶ 8; Neiman Decl. ¶ 6.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 4**:

Undisputed.

5.      Since 1972, plaintiffs have authorized the creation and release of various digital versions of the sound recordings at issue.  (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 21:9-12 ("For the re-issued, re-mastered, or re-released versions of each pre-1972 Recording ABS listed in response to Interrogatory No. 3 of which ABS is aware, all were authorized by ABS…."); Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 22:10-13 ("For the re-issued, re-mastered, or re-released versions of each pre-1972 Recording Barnaby listed in response to Interrogatory No. 3 of which Barnaby is aware, all were authorized by Barnaby…."); Brunswick's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 24:10-13 ("For the re-issued, re-mastered, or re-released versions of each pre-1972 Recording Brunswick listed in response to Interrogatory No. 3 of which Brunswick is aware, all were authorized by Brunswick."); Malaco's Responses to CBS's First Set of Interrogatories,  Strabone Decl. Ex. 14 at 18:16-19 ("For the re-issued, re-mastered, or re-released versions of each pre-1972 Recording Malaco listed in response to Interrogatory No. 3 of which Malaco is aware, all were authorized by Malaco…."); Neiman Decl. ¶¶ 14-74, Ex. 1-62 (liner notes of commercially-available albums released on CD containing the songs at issue); Sottolano Decl. ¶¶ 11-28, Ex. 1-18 (liner notes of commercially-available albums released on CD containing the songs at issue).

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 5**:

Disputed. Plaintiffs have authorized the reproduction and distribution of their pre-1972

sound recordings for release in the digital format, but did not authorize the creation of any

derivative works of those recordings or the creation of copies that involved substantial, not trivial

changes. Wilson Decl. ¶¶ 6, 9-12; Kartiganer Decl. ¶¶ 6, 9-12; Tarnopol Decl. ¶¶ 6, 9-12; Couch

Decl. ¶¶ 6, 9-12.

6.      Plaintiffs have no evidence that CBS publicly performed the sound recordings that
        plaintiffs claim to own.  (*See* ABS's Responses To CBS's First Set of Interrogatories,
        Strabone Decl. Ex. 11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which
        of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…");
        Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at
        25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972
        sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's
        Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3
        ("Brunswick has no actual, first-hand knowledge of which of the pre-1972 sound
        recordings listed on Schedule A1 CBS publicly performed.…"); Malaco's Responses to
        CBS's First Set of Interrogatories,  Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no
        actual, first-hand knowledge of which of the pre-1972 sound recordings listed on
        Schedule A1 CBS publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of
        broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings);
        Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 6**:

Disputed. Plaintiffs have substantial, material evidence proving that CBS publicly

performed the sound recordings that plaintiffs claim to own. Email from A. Gressel of January 7,

2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-17;

Neiman Decl., at ¶¶ 7-12; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.);

Sottolano Decl., at ¶¶ 4-7; Sottolano Depo., at 34:18-23; 36:11-14; 42:14-16; 80:23-81:8 (Ex. 5

to Block Decl.); Block Decl., at ¶¶ 19-23; Ex. 7; 13 to Block Decl.

7.      ***I Can't Get Next To You***: Plaintiffs cannot establish that CBS publicly performed the
        pre-1972 sound recording of "I Can't Get Next To You" by Al Green that plaintiffs claim
        to own.  (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex.
        11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972
        sound recordings listed on Schedule A1 CBS publicly performed.…"); Barnaby's
        Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3

("Barnaby has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Malaco's Responses to CBS's First Set of Interrogatories,  Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 7**:

Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "I Can't Get Next to You" by Al Green. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-7, 17-23; Neiman Decl., at ¶¶ 8; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl.

8.       The copy of the sound recording of "I Can't Get Next To You" by Al Green that CBS possesses is of an entirely different performance than, and is not the same recording as, the original pre-1972 recording plaintiffs claim to own. (Begault Decl. ¶ 68.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 8**:

Undisputed.

9.       ***Tired Of Being Alone***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Tired Of Being Alone" by Al Green that plaintiffs claim to own.  (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Malaco's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶

4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 9**:

Disputed. Plaintiffs have substantial, material evidence proving that CBS publicly

performed "Tired of Being Alone" by Al Green. Email from A. Gressel of January 7, 2016

including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-7, 17-23;

Neiman Decl., at ¶¶ 8; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.);

Sottolano Decl., at ¶¶ 4; Sottolano Depo., at 34:18-23; 36:11-14; 42:14-16; 80:23-81:8 (Ex. 5 to

Block Decl.); Ex. 7; 13 to Block Decl.

10.    The copy (or copies) of the sound recording of "Tired Of Being Alone" by Al Green that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own.  (Begault Decl. ¶ 69.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 10**:

Disputed. Geluso Decl., at ¶ 42.

11.    The differences between the sound recording(s) of "Tired Of Being Alone" by Al Green that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer.  (Begault Decl. ¶ 69; Inglot Decl. ¶¶ 13, 14, 25.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 11**:

Disputed. This statement is not supported by the Begault and Inglot declaration

paragraphs cited by CBS. Geluso Decl., at ¶ 45.

12.    ***Let's Stay Together***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Let's Stay Together" by Al Green that plaintiffs claim to own. (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS

publicly performed...."); Malaco's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed...."); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 12**:

Disputed. Plaintiffs have substantial, material evidence proving that CBS publicly performed "Let's Stay Together" by Al Green. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-7, 17-23; Neiman Decl., at ¶¶ 8; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Sottolano Decl., at ¶¶ 4; Sottolano Depo., at 34:18-23; 36:11-14; 42:14-16; 80:23-81:8 (Ex. 5 to Block Decl.); Ex. 7; 13 to Block Decl.

13. The copy (or copies) of the sound recording of "Let's Stay Together" by Al Green that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own. (Begault Decl. ¶ 70.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 13**:

Disputed. Geluso Decl., at ¶ 41.

14. The differences between the sound recording(s) of "Let's Stay Together" by Al Green that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. (Begault Decl. ¶ 70; Inglot Decl. ¶¶ 13, 14, 25.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 14**:

Disputed. This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS. Geluso Decl., at ¶ 41.

15. ***It Keeps Right On A-Hurtin'***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "It Keeps Right On A-Hurtin'" by Johnny Tillotson that plaintiffs claim to own. (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed...."); Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at

25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Malaco's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 15**:

Disputed. Plaintiffs have substantial, material evidence proving that CBS publicly performed "It Keeps Right On A-Hurtin'" by Johnny Tillotson. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 17-23; Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl.

16.    The copy (or copies) of the sound recording of "It Keeps Right On A-Hurtin'" by Johnny Tillotson that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own (Begault Decl. ¶ 76.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 16**:

Disputed. Geluso Decl., at ¶ 59.

17.    The differences between the sound recording(s) of "It Keeps Right On A-Hurtin'" by Johnny Tillotson that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. (Begault Decl. ¶ 76; Inglot Decl. ¶¶ 13, 14, 25.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 17**:

Disputed. This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS. Geluso Decl., at ¶ 59.

18.    ***Poetry in Motion***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Poetry in Motion" by Johnny Tillotson that plaintiffs claim to own. (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound

recordings listed on Schedule A1 CBS publicly performed.…"); Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Malaco's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 18**:

Disputed. Plaintiffs have substantial, material evidence proving that CBS publicly performed "Poetry in Motion" by Johnny Tillotson. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 17-23; Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl.

19.    The copy (or copies) of the sound recording of "Poetry in Motion" by Johnny Tillotson that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own  (Begault Decl. ¶ 77.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 19**:

Disputed. Geluso Decl., at ¶ 60.

20.    The differences between the sound recording(s) of "Poetry in Motion" by Johnny Tillotson that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer.  (Begault Decl. ¶ 77; Inglot Decl. ¶¶ 13, 14, 25.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 20**:

Disputed. This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS. Geluso Decl., at ¶ 60.

21.    ***Since I Fell For You***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Since I Fell For You" by Lenny Welch that plaintiffs claim to

own.  (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Malaco's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 21**:

Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "Since I Fell for You" by Lenny Welch. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 13, 17-23; Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Sottolano Decl., at ¶¶ 5; Sottolano Depo., at 34:18-23; 36:11-14; 42:14-16; 80:23-81:8 (Ex. 5 to Block Decl.) Ex. 7; 13 to Block Decl.

22.    The copy (or copies) of the sound recording of "Since I Fell For You" by Lenny Welch that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own.  (Begault Decl. ¶ 78.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 22**:

Disputed.  Geluso Decl., at ¶ 62.

23.    The differences between the sound recording(s) of "Since I Fell For You" by Lenny Welch that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer.  (Begault Decl. ¶ 78; Inglot Decl. ¶¶ 13, 14, 25.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 23**:

Disputed.  This statement is not supported by the Begault and Inglot declaration

paragraphs cited by CBS.  Geluso Decl., at ¶ 62.

24.    ***Everything Is Beautiful***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Everything Is Beautiful" by Ray Stevens that plaintiffs claim to own.  (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Malaco's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 24**:

Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly

performed "Everything is Beautiful" by Ray Stevens. Email from A. Gressel of January 7, 2016

including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 13, 17-23;

Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.);

Sottolano Decl., at ¶¶ 5; Sottolano Depo., at 34:18-23; 36:11-14; 42:14-16; 80:23-81:8 (Ex. 5 to

Block Decl.) Ex. 7; 13 to Block Decl.

25.    The copy (or copies) of the sound recording of "Everything Is Beautiful" by Ray Stevens that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own  (Begault Decl. ¶ 79.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 25**:

Disputed.  Geluso Decl., at ¶ 67.

26.    The differences between the sound recording(s) of "Everything Is Beautiful" by Ray Stevens that CBS possesses and the original pre-1972 sound recording plaintiffs claim to

own are due to non-mechanical processes undertaken by a sound engineer. (Begault Decl. ¶ 79; Inglot Decl. ¶¶ 13, 14, 25.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 26**:

Disputed. This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS. Geluso Decl., at ¶ 67.

27. ___*Gitarzan*___: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Gitarzan" by Ray Stevens that plaintiffs claim to own. (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed...."); Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed...."); Brunswick's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed...."); Malaco's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed...."); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 27**:

Disputed. Plaintiffs have substantial, material evidence proving that CBS publicly performed "Gitarzan" by Ray Stevens. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 17-23; Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl.

28. The copy (or copies) of the sound recording of "Gitarzan" by Ray Stevens that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own (Begault Decl. ¶ 80.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 28**:

Disputed. Geluso Decl., at ¶ 68.

29.  The differences between the sound recording(s) of "Gitarzan" by Ray Stevens that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer.  (Begault Decl. ¶ 80; Inglot Decl. ¶¶ 13, 14, 25.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 29**:

Disputed.  This statement is not supported by the Begault and Inglot declaration

paragraphs cited by CBS.  Geluso Decl., at ¶ 68.

30.  ***Lollipop***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Lollipop" by The Chordettes that plaintiffs claim to own.  (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Malaco's Responses to CBS's First Set of Interrogatories,  Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 30**:

Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly

performed "Lollipop" by The Chordettes. Email from A. Gressel of January 7, 2016 including

attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 17-23; Neiman Decl.,

at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block

Decl.

31.  The copy (or copies) of the sound recording of "Lollipop" by The Chordettes that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own  (Begault Decl. ¶ 84.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 31**:

Disputed.  Geluso Decl., at ¶ 76.

32.     The differences between the sound recording(s) of "Lollipop" by The Chordettes that
        CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due
        to non-mechanical processes undertaken by a sound engineer.  (Begault Decl. ¶ 84; Inglot
        Decl. ¶¶ 13, 14, 25.)

        **RESPONSE AND SUPPORTING EVIDENCE TO NO. 32**:

        Disputed.  This statement is not supported by the Begault and Inglot declaration

paragraphs cited by CBS.  Geluso Decl., at ¶ 76.

33.     ***Mr. Sandman***: Plaintiffs cannot establish that CBS publicly performed the pre-1972
        sound recording of "Mr. Sandman" by The Chordettes that plaintiffs claim to own.  (*See*
        ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-
        25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound
        recordings listed on Schedule A1 CBS publicly performed.…"); Barnaby's Responses to
        CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no
        actual, first-hand knowledge of which of the pre-1972 sound recordings listed on
        Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's First Set of
        Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-
        hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS
        publicly performed.…"); Malaco's Responses to CBS's First Set of Interrogatories,
        Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of
        which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly
        performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶
        4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no
        records of source of sound recordings).)

        **RESPONSE AND SUPPORTING EVIDENCE TO NO. 33**:

        Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly

performed "Mr. Sandman" by The Chordettes. Email from A. Gressel of January 7, 2016

including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 17-23;

Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7;

13 to Block Decl.

34.     The copy (or copies) of the sound recording of "Mr. Sandman" by The Chordettes that
        CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs
        claim to own  (Begault Decl. ¶ 85.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 34**:

Disputed.  Geluso Decl., at ¶ 77.

35.     The differences between the sound recording(s) of "Mr. Sandman" by The Chordettes that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer.  (Begault Decl. ¶ 85; Inglot Decl. ¶¶ 13, 14, 25.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 35**:

Disputed.  This statement is not supported by the Begault and Inglot declaration

paragraphs cited by CBS.  Geluso Decl., at ¶ 77.

36.     (***'Til) I Kissed You***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "('Til) I Kissed You" by The Everly Brothers that plaintiffs claim to own.  (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Malaco's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 36**:

Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly

performed "('Til) I Kissed You" by The Everly Brothers. Email from A. Gressel of January 7,

2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 17-

23; Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.);

Ex. 7; 13 to Block Decl.

37. The copy (or copies) of the sound recording of "('Til) I Kissed You" by The Everly Brothers that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own (Begault Decl. ¶ 86.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 37**:

Disputed. Geluso Decl., at ¶ 81.

38. The differences between the sound recording(s) of "('Til) I Kissed You" by The Everly Brothers that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. (Begault Decl. ¶ 86; Inglot Decl. ¶¶ 13, 14, 25.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 38**:

Disputed. This statement is not supported by the Begault and Inglot declaration

paragraphs cited by CBS. Geluso Decl., at ¶ 81.

39. ***All I Have To Do Is Dream***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "All I Have To Do Is Dream" by The Everly Brothers that plaintiffs claim to own. (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Malaco's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 39**:

Disputed. Plaintiffs have substantial, material evidence proving that CBS publicly

performed "All I Have to Do Is Dream" by The Everly Brothers. Email from A. Gressel of

January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-

6, 8, 13, 17-23; Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to

Block Decl.); Sottolano Decl., at ¶¶ 5; Sottolano Depo., at 34:18-23; 36:11-14; 42:14-16; 80:23-

81:8 (Ex. 5 to Block Decl.) Ex. 7; 13 to Block Decl.

40.     The copy (or copies) of the sound recording of "All I Have To Do Is Dream" by The
        Everly Brothers that CBS possesses is not the same sound recording as the pre-1972
        sound recording plaintiffs claim to own  (Begault Decl. ¶ 87.)

        **RESPONSE AND SUPPORTING EVIDENCE TO NO. 40**:

        Disputed.  Geluso Decl., at ¶ 82.

41.     The differences between the sound recording(s) of "All I Have To Do Is Dream" by The
        Everly Brothers that CBS possesses and the original pre-1972 sound recording plaintiffs
        claim to own are due to non-mechanical processes undertaken by a sound engineer.
        (Begault Decl. ¶ 87; Inglot Decl. ¶¶ 13, 14, 25.)

        **RESPONSE AND SUPPORTING EVIDENCE TO NO. 41**:

        Disputed.  This statement is not supported by the Begault and Inglot declaration

paragraphs cited by CBS.  Geluso Decl., at ¶ 82.

42.     ***Bird Dog***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound
        recording of "Bird Dog" by The Everly Brothers that plaintiffs claim to own.  (*See* ABS's
        Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-25:7
        ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound recordings
        listed on Schedule A1 CBS publicly performed.…"); Barnaby's Responses to CBS's First
        Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no actual, first-
        hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS
        publicly performed.…"); Brunswick's Responses to CBS's First Set of Interrogatories,
        Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of
        which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly
        performed.…"); Malaco's Responses to CBS's First Set of Interrogatories,  Strabone
        Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the
        pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…");
        Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶ 4 (CBS has no
        records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of
        source of sound recordings).)

        **RESPONSE AND SUPPORTING EVIDENCE TO NO. 42**:

        Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly

performed "Bird Dog" by The Everly Brothers. Email from A. Gressel of January 7, 2016

including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 17-23;

Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7;

13 to Block Decl.

43. The copy (or copies) of the sound recording of "Bird Dog" by The Everly Brothers that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own (Begault Decl. ¶ 88.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 43**:

Disputed. Geluso Decl., at ¶ 83.

44. The differences between the sound recording(s) of "Bird Dog" by The Everly Brothers that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. (Begault Decl. ¶ 88; Inglot Decl. ¶¶ 13, 14, 25.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 44**:

Disputed. This statement is not supported by the Begault and Inglot declaration

paragraphs cited by CBS. Geluso Decl., at ¶ 83.

45. ***Bye Bye Love***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Bye Bye Love" by The Everly Brothers that plaintiffs claim to own. (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Malaco's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 45**:

Disputed. Plaintiffs have substantial, material evidence proving that CBS publicly

performed "Bye Bye Love" by The Everly Brothers. Email from A. Gressel of January 7, 2016

including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 13, 17-23;

Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.);

Sottolano Decl., at ¶¶ 5; Sottolano Depo., at 34:18-23; 36:11-14; 42:14-16; 80:23-81:8 (Ex. 5 to

Block Decl.) Ex. 7; 13 to Block Decl.

46.     The copy (or copies) of the sound recording of "Bye Bye Love" by The Everly Brothers
        that CBS possesses is not the same sound recording as the pre-1972 sound recording
        plaintiffs claim to own  (Begault Decl. ¶ 89.)

        **RESPONSE AND SUPPORTING EVIDENCE TO NO. 46**:

        Disputed.  Geluso Decl., at ¶ 84.

47.     The differences between the sound recording(s) of "Bye Bye Love" by The Everly
        Brothers that CBS possesses and the original pre-1972 sound recording plaintiffs claim to
        own are due to non-mechanical processes undertaken by a sound engineer.  (Begault
        Decl. ¶ 89; Inglot Decl. ¶¶ 13, 14, 25.)

        **RESPONSE AND SUPPORTING EVIDENCE TO NO. 47**:

        Disputed.  This statement is not supported by the Begault and Inglot declaration

paragraphs cited by CBS.  Geluso Decl., at ¶ 84.

48.     ***Like Strangers***: Plaintiffs cannot establish that CBS publicly performed the pre-1972
        sound recording of "Like Strangers" by The Everly Brothers that plaintiffs claim to own.
        (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at
        24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound
        recordings listed on Schedule A1 CBS publicly performed.…"); Barnaby's Responses to
        CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no
        actual, first-hand knowledge of which of the pre-1972 sound recordings listed on
        Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's First Set of
        Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-
        hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS
        publicly performed.…"); Malaco's Responses to CBS's First Set of Interrogatories,
        Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of
        which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly
        performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶

4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 48**:

Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly

performed "Like Strangers" by The Everly Brothers. Email from A. Gressel of January 7, 2016

including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 17-23;

Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7;

13 to Block Decl.

49.    The copy of the sound recording of "Like Strangers" by The Everly Brothers that CBS
       possesses is of an entirely different performance than, and is not the same recording as,
       the original pre-1972 recording plaintiffs claim to own.  (Begault Decl. ¶ 90.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 49**:

Undisputed.

50.    ***Poor Jenny***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound
       recording of "Poor Jenny" by The Everly Brothers that plaintiffs claim to own.  (*See*
       ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-
       25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound
       recordings listed on Schedule A1 CBS publicly performed.…"); Barnaby's Responses to
       CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no
       actual, first-hand knowledge of which of the pre-1972 sound recordings listed on
       Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's First Set of
       Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-
       hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS
       publicly performed.…"); Malaco's Responses to CBS's First Set of Interrogatories,
       Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of
       which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly
       performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶
       4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no
       records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 50**:

Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly

performed "Poor Jenny" by The Everly Brothers. Email from A. Gressel of January 7, 2016

including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 17-23;

Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7;

13 to Block Decl.

51.     The copy (or copies) of the sound recording of "Poor Jenny" by The Everly Brothers that
        CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs
        claim to own  (Begault Decl. ¶ 91.)

        **RESPONSE AND SUPPORTING EVIDENCE TO NO. 51**:

        Disputed.  Geluso Decl., at ¶ 86.

52.     The differences between the sound recording(s) of "Poor Jenny" by The Everly Brothers
        that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are
        due to non-mechanical processes undertaken by a sound engineer.  (Begault Decl. ¶ 91;
        Inglot Decl. ¶¶ 13, 14, 25.)

        **RESPONSE AND SUPPORTING EVIDENCE TO NO. 52**:

        Disputed.  This statement is not supported by the Begault and Inglot declaration

paragraphs cited by CBS.  Geluso Decl., at ¶ 86.

53.     ***Wake Up Little Susie***: Plaintiffs cannot establish that CBS publicly performed the pre-
        1972 sound recording of "Wake Up Little Susie" by The Everly Brothers that plaintiffs
        claim to own.  (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone
        Decl. Ex. 11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the
        pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…");
        Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at
        25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972
        sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's
        Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3
        ("Brunswick has no actual, first-hand knowledge of which of the pre-1972 sound
        recordings listed on Schedule A1 CBS publicly performed.…"); Malaco's Responses to
        CBS's First Set of Interrogatories,  Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no
        actual, first-hand knowledge of which of the pre-1972 sound recordings listed on
        Schedule A1 CBS publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of
        broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings);
        Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

        **RESPONSE AND SUPPORTING EVIDENCE TO NO. 53:**

Disputed. Plaintiffs have substantial, material evidence proving that CBS publicly

performed "Wake Up Little Susie" by The Everly Brothers. Email from A. Gressel of January 7,

2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 13,

17-23; Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block

Decl.); Sottolano Decl., at ¶¶ 5; Sottolano Depo., at 34:18-23; 36:11-14; 42:14-16; 80:23-81:8

(Ex. 5 to Block Decl.) Ex. 7; 13 to Block Decl.

54. The copy (or copies) of the sound recording of "Wake Up Little Susie" by The Everly Brothers that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own (Begault Decl. ¶ 92.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 54**:

Disputed. Geluso Decl., at ¶ 87.

55. The differences between the sound recording(s) of "Wake Up Little Susie" by The Everly Brothers that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. (Begault Decl. ¶ 92; Inglot Decl. ¶¶ 13, 14, 25.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 55**:

Disputed. This statement is not supported by the Begault and Inglot declaration

paragraphs cited by CBS. Geluso Decl., at ¶ 87.

56. ***When Will I Be Loved***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "When Will I Be Loved" by The Everly Brothers that plaintiffs claim to own. (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Malaco's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of

broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 56**:

Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "When Will I Be Loved" by The Everly Brothers. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 13, 17-23; Neiman Decl., at ¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Sottolano Decl., at ¶¶ 5; Sottolano Depo., at 34:18-23; 36:11-14; 42:14-16; 80:23-81:8 (Ex. 5 to Block Decl.) Ex. 7; 13 to Block Decl.

57.     The copy (or copies) of the sound recording of "When Will I Be Loved" by The Everly Brothers that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own  (Begault Decl. ¶ 93.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 57**:

Disputed.  Geluso Decl., at ¶ 88.

58.     The differences between the sound recording(s) of "When Will I Be Loved" by The Everly Brothers that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. (Begault Decl. ¶ 93; Inglot Decl. ¶¶ 13, 14, 25.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 58**:

Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 88.

59.     ***(Your Love Keeps Lifting Me) Higher & Higher***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "(Your Love Keeps Lifting Me) Higher & Higher" by Jackie Wilson that plaintiffs claim to own.  (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of

which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Malaco's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 59**:

Disputed. Plaintiffs have substantial, material evidence proving that CBS publicly performed "(Your Love Keeps Lifting Me) Higher and Higher" by Jackie Wilson. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 14, 17-23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Sottolano Decl., at ¶¶ 6; Sottolano Depo., at 34:18-23; 36:11-14; 42:14-16; 80:23-81:8 (Ex. 5 to Block Decl.); Ex. 7; 13 to Block Decl.

60.     The copy (or copies) of the sound recording of "(Your Love Keeps Lifting Me) Higher & Higher" by Jackie Wilson that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own  (Begault Decl. ¶ 94.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 60**:

Disputed. Geluso Decl., at ¶ 58.

61.     The differences between the sound recording(s) of "(Your Love Keeps Lifting Me) Higher & Higher" by Jackie Wilson that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer.  (Begault Decl. ¶ 94; Inglot Decl. ¶¶ 13, 14, 25.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 61**:

Disputed. This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS. Geluso Decl., at ¶ 58.

62.     ***A Woman A Lover A Friend***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "A Woman A Lover A Friend" by Jackie Wilson that plaintiffs claim to own.  (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…");

Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Malaco's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 62**:

Disputed. Plaintiffs have substantial, material evidence proving that CBS publicly performed "A Woman A Lover A Friend" by Jackie Wilson. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 17-23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl.

63. The copy (or copies) of the sound recording of "A Woman A Lover A Friend" by Jackie Wilson that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own  (Begault Decl. ¶ 95.)

    **RESPONSE AND SUPPORTING EVIDENCE TO NO. 63**:

    Disputed. Geluso Decl., at ¶ 46.

64. The differences between the sound recording(s) of "A Woman A Lover A Friend" by Jackie Wilson that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. (Begault Decl. ¶ 95; Inglot Decl. ¶¶ 13, 14, 25.)

    **RESPONSE AND SUPPORTING EVIDENCE TO NO. 64**:

    Disputed. This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS. Geluso Decl., at ¶ 46.

65. ***Baby Workout***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Baby Workout" by Jackie Wilson that plaintiffs claim to own. (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-

25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Malaco's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 65**:

Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "Baby Workout" by Jackie Wilson. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 17-23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl.

66.     The copy (or copies) of the sound recording of "Baby Workout" by Jackie Wilson that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own  (Begault Decl. ¶ 96.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 66**:

Disputed.  Geluso Decl., at ¶ 47.

67.     The differences between the sound recording(s) of "Baby Workout" by Jackie Wilson that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer.  (Begault Decl. ¶ 96; Inglot Decl. ¶¶ 13, 14, 25.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 67**:

Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 47.

68.    ***Doggin' Around***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Doggin' Around" by Jackie Wilson that plaintiffs claim to own. (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Malaco's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 68**:

Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "Doggin' Around" by Jackie Wilson. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 17-23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl.

69.    The copy (or copies) of the sound recording of "Doggin' Around" by Jackie Wilson that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own  (Begault Decl. ¶ 97.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 69**:

Disputed. Geluso Decl., at ¶ 48.

70.    The differences between the sound recording(s) of "Doggin' Around" by Jackie Wilson that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer.  (Begault Decl. ¶ 87; Inglot Decl. ¶¶ 13, 14, 25.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 70**:

Disputed. This statement is not supported by the Begault and Inglot declaration

paragraphs cited by CBS. Geluso Decl., at ¶ 48.

71. ***I'll Be Satisfied***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "I'll Be Satisfied" by Jackie Wilson that plaintiffs claim to own. (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Malaco's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 71**:

Disputed. Plaintiffs have substantial, material evidence proving that CBS publicly

performed "I'll Be Satisfied" by Jackie Wilson. Email from A. Gressel of January 7, 2016

including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 17-23;

Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7;

13 to Block Decl.

72. The copy (or copies) of the sound recording of "I'll Be Satisfied" by Jackie Wilson that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own (Begault Decl. ¶ 98.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 72**:

Disputed. Geluso Decl., at ¶ 49.

73. The differences between the sound recording(s) of "I'll Be Satisfied" by Jackie Wilson that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. (Begault Decl. ¶ 98; Inglot Decl. ¶¶ 13, 14, 25.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 73**:

Disputed.  This statement is not supported by the Begault and Inglot declaration

paragraphs cited by CBS.  Geluso Decl., at ¶ 49.

74.     ___Lonely Teardrops___: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Lonely Teardrops" by Jackie Wilson that plaintiffs claim to own. (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Malaco's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 74**:

Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly

performed "Lonely Teardrops" by Jackie Wilson. Email from A. Gressel of January 7, 2016

including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 14, 17-23;

Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.);

Sottolano Decl., at ¶¶ 6; Sottolano Depo., at 34:18-23; 36:11-14; 42:14-16; 80:23-81:8 (Ex. 5 to

Block Decl.); Ex. 7; 13 to Block Decl.

75.     The copy (or copies) of the sound recording of "Lonely Teardrops" by Jackie Wilson that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own  (Begault Decl. ¶ 100.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 75**:

Disputed.  Geluso Decl., at ¶ 51.

76.     The differences between the sound recording(s) of "Lonely Teardrops" by Jackie Wilson that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer.  (Begault Decl. ¶ 100; Inglot Decl. ¶¶ 13, 14, 25.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 76**:

Disputed.  This statement is not supported by the Begault and Inglot declaration

paragraphs cited by CBS.  Geluso Decl., at ¶ 51.

77.     ___Night___: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Night" by Jackie Wilson that plaintiffs claim to own.  (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Malaco's Responses to CBS's First Set of Interrogatories,  Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 77**:

Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly

performed "Night" by Jackie Wilson. Email from A. Gressel of January 7, 2016 including

attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 17-23; Neiman Decl.,

at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block

Decl.

78.     The copy (or copies) of the sound recording of "Night" by Jackie Wilson that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own  (Begault Decl. ¶ 101.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 78**:

Disputed.  Geluso Decl., at ¶ 52.

79.     The differences between the sound recording(s) of "Night" by Jackie Wilson that CBS
        possesses and the original pre-1972 sound recording plaintiffs claim to own are due to
        non-mechanical processes undertaken by a sound engineer.  (Begault Decl. ¶ 101; Inglot
        Decl. ¶¶ 13, 14, 25.)

        **RESPONSE AND SUPPORTING EVIDENCE TO NO. 79**:

        Disputed.  This statement is not supported by the Begault and Inglot declaration

paragraphs cited by CBS.  Geluso Decl., at ¶ 52.

80.     ***Reet Petite***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound
        recording of "Reet Petite" by Jackie Wilson that plaintiffs claim to own.  (*See* ABS's
        Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-25:7
        ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound recordings
        listed on Schedule A1 CBS publicly performed.…"); Barnaby's Responses to CBS's First
        Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no actual, first-
        hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS
        publicly performed.…"); Brunswick's Responses to CBS's First Set of Interrogatories,
        Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of
        which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly
        performed.…"); Malaco's Responses to CBS's First Set of Interrogatories,  Strabone
        Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the
        pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…");
        Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶ 4 (CBS has no
        records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of
        source of sound recordings).)

        **RESPONSE AND SUPPORTING EVIDENCE TO NO. 80**:

        Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly

performed "Reet Petite" by Jackie Wilson. Email from A. Gressel of January 7, 2016 including

attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 17-23; Neiman Decl.,

at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block

Decl.

81.     The copy (or copies) of the sound recording of "Reet Petite" by Jackie Wilson that CBS
        possesses is not the same sound recording as the pre-1972 sound recording plaintiffs
        claim to own  (Begault Decl. ¶ 102.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 81**:

Disputed.  Geluso Decl., at ¶ 53.

82.     The differences between the sound recording(s) of "Reet Petite" by Jackie Wilson that
        CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due
        to non-mechanical processes undertaken by a sound engineer.  (Begault Decl. ¶ 102;
        Inglot Decl. ¶¶ 13, 14, 25.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 82**:

Disputed.  This statement is not supported by the Begault and Inglot declaration

paragraphs cited by CBS.  Geluso Decl., at ¶ 53.

83.     ***That's Why (I Love You So)***: Plaintiffs cannot establish that CBS publicly performed the
        pre-1972 sound recording of "That's Why (I Love You So)" by Jackie Wilson that
        plaintiffs claim to own.  (*See* ABS's Responses To CBS's First Set of Interrogatories,
        Strabone Decl. Ex. 11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which
        of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…");
        Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at
        25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972
        sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's
        Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3
        ("Brunswick has no actual, first-hand knowledge of which of the pre-1972 sound
        recordings listed on Schedule A1 CBS publicly performed.…"); Malaco's Responses to
        CBS's First Set of Interrogatories,  Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no
        actual, first-hand knowledge of which of the pre-1972 sound recordings listed on
        Schedule A1 CBS publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of
        broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings);
        Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 83**:

Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly

performed "That's Why (I Love You So)" by Jackie Wilson. Email from A. Gressel of January

7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 17-

23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.);

Ex. 7; 13 to Block Decl.

84.     The copy (or copies) of the sound recording of "That's Why (I Love You So)" by Jackie Wilson that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own  (Begault Decl. ¶ 103.)

        **RESPONSE AND SUPPORTING EVIDENCE TO NO. 84**:

        Disputed.  Geluso Decl., at ¶ 54.

85.     The differences between the sound recording(s) of "That's Why (I Love You So)" by Jackie Wilson that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. (Begault Decl. ¶ 103; Inglot Decl. ¶¶ 13, 14, 25.)

        **RESPONSE AND SUPPORTING EVIDENCE TO NO. 85**:

        Disputed.  This statement is not supported by the Begault and Inglot declaration

paragraphs cited by CBS.  Geluso Decl., at ¶ 54.

86.     ***To Be Loved***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "To Be Loved" by Jackie Wilson that plaintiffs claim to own.  (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Malaco's Responses to CBS's First Set of Interrogatories,  Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

        **RESPONSE AND SUPPORTING EVIDENCE TO NO. 86**:

        Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly

performed "To Be Loved" by Jackie Wilson. Email from A. Gressel of January 7, 2016 including

attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 17-23; Neiman Decl.,

at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block

Decl.

87.     The copy (or copies) of the sound recording of "To Be Loved" by Jackie Wilson that
        CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs
        claim to own  (Begault Decl. ¶ 104.)

        **RESPONSE AND SUPPORTING EVIDENCE TO NO. 87**:

        Disputed.  Geluso Decl., at ¶ 55.

88.     The differences between the sound recording(s) of "To Be Loved" by Jackie Wilson that
        CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due
        to non-mechanical processes undertaken by a sound engineer.  (Begault Decl. ¶ 104;
        Inglot Decl. ¶¶ 13, 14, 25.)

        **RESPONSE AND SUPPORTING EVIDENCE TO NO. 88**:

        Disputed.  This statement is not supported by the Begault and Inglot declaration

paragraphs cited by CBS.  Geluso Decl., at ¶ 55.

89.     ***Whispers (Gettin' Louder)***: Plaintiffs cannot establish that CBS publicly performed the
        pre-1972 sound recording of "Whispers (Gettin' Louder)" by Jackie Wilson that plaintiffs
        claim to own.  (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone
        Decl. Ex. 11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the
        pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…");
        Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at
        25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972
        sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's
        Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3
        ("Brunswick has no actual, first-hand knowledge of which of the pre-1972
        sound recordings listed on Schedule A1 CBS publicly performed.…"); Malaco's Responses to
        CBS's First Set of Interrogatories,  Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no
        actual, first-hand knowledge of which of the pre-1972 sound recordings listed on
        Schedule A1 CBS publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of
        broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings);
        Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

        **RESPONSE AND SUPPORTING EVIDENCE TO NO. 89**:

        Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly

performed "Whispers (Gettin' Louder)" by Jackie Wilson. Email from A. Gressel of January 7,

2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 17-

23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.);

Ex. 7; 13 to Block Decl.

90.     The copy (or copies) of the sound recording of "Whispers (Gettin' Louder)" by Jackie
        Wilson that CBS possesses is not the same sound recording as the pre-1972 sound
        recording plaintiffs claim to own  (Begault Decl. ¶ 105.)

        **RESPONSE AND SUPPORTING EVIDENCE TO NO. 90**:

        Disputed.  Geluso Decl., at ¶ 56.

91.     The differences between the sound recording(s) of "Whispers (Gettin' Louder)" by Jackie
        Wilson that CBS possesses and the original pre-1972 sound recording plaintiffs claim to
        own are due to non-mechanical processes undertaken by a sound engineer.  (Begault
        Decl. ¶ 105; Inglot Decl. ¶¶  13, 14, 25.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 91**:

        Disputed.  This statement is not supported by the Begault and Inglot declaration

paragraphs cited by CBS.  Geluso Decl., at ¶ 56.

92.     ***(For God's Sake) Give More Power To The People***: Plaintiffs cannot establish that CBS
        publicly performed the pre-1972 sound recording of "(For God's Sake) Give More Power
        To The People" by The Chi-Lites that plaintiffs claim to own.  (*See* ABS's Responses To
        CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-25:7 ("ABS has no
        actual, first-hand knowledge of which of the pre-1972 sound recordings listed on
        Schedule A1 CBS publicly performed.…"); Barnaby's Responses to CBS's First Set of
        Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no actual, first-hand
        knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS
        publicly performed.…"); Brunswick's Responses to CBS's First Set of Interrogatories,
        Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of
        which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly
        performed.…"); Malaco's Responses to CBS's First Set of Interrogatories,  Strabone
        Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the
        pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…");
        Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶ 4 (CBS has no
        records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of
        source of sound recordings).)

        **RESPONSE AND SUPPORTING EVIDENCE TO NO. 92**:

Disputed. Plaintiffs have substantial, material evidence proving that CBS publicly

performed "(For God's Sake) Give More Power to the People" by The Chi-Lites. Email from A.

Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block

Decl., ¶¶ 5-6, 9, 17-23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex.

4 to Block Decl.); Ex. 7; 13 to Block Decl.

93. The copy (or copies) of the sound recording of "(For God's Sake) Give More Power To The People" by The Chi-Lites that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own  (Begault Decl. ¶ 107.)

   **RESPONSE AND SUPPORTING EVIDENCE TO NO. 93**:

   Disputed.  Geluso Decl., at ¶ 72.

94. The differences between the sound recording(s) of "(For God's Sake) Give More Power To The People" by The Chi-Lites that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer.  (Begault Decl. ¶ 107; Inglot Decl. ¶¶ 13, 14, 25.)

   **RESPONSE AND SUPPORTING EVIDENCE TO NO. 94**:

   Disputed.  This statement is not supported by the Begault and Inglot declaration

paragraphs cited by CBS.  Geluso Decl., at ¶ 72.

95. ***Give It Away***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Give It Away" by The Chi-Lites that plaintiffs claim to own.  (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Malaco's Responses to CBS's First Set of Interrogatories,  Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 95**:

Disputed. Plaintiffs have substantial, material evidence proving that CBS publicly

performed "Give it Away" by The Chi-Lites. Email from A. Gressel of January 7, 2016

including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 17-23;

Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7;

13 to Block Decl.

96.     The copy (or copies) of the sound recording of "Give It Away" by The Chi-Lites that
        CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs
        claim to own  (Begault Decl. ¶ 109.)

        **RESPONSE AND SUPPORTING EVIDENCE TO NO. 96**:

        Disputed. Geluso Decl., at ¶ 71.

97.     The differences between the sound recording(s) of "Give It Away" by The Chi-Lites that
        CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due
        to non-mechanical processes undertaken by a sound engineer. (Begault Decl. ¶ 109;
        Inglot Decl. ¶¶ 13, 14, 25.)

        **RESPONSE AND SUPPORTING EVIDENCE TO NO. 97**:

        Disputed. This statement is not supported by the Begault and Inglot declaration

paragraphs cited by CBS. Geluso Decl., at ¶ 71.

98.     ***Have You Ever Seen Her***: Plaintiffs cannot establish that CBS publicly performed the
        pre-1972 sound recording of "Have You Seen Her" by The Chi-Lites that plaintiffs claim
        to own.  (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex.
        11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972
        sound recordings listed on Schedule A1 CBS publicly performed.…"); Barnaby's
        Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3
        ("Barnaby has no actual, first-hand knowledge of which of the pre-1972 sound recordings
        listed on Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's
        First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no
        actual, first-hand knowledge of which of the pre-1972 sound recordings listed on
        Schedule A1 CBS publicly performed.…"); Malaco's Responses to CBS's First Set of
        Interrogatories,  Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand
        knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS
        publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman

Decl. ¶ 4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 98**:

Disputed. Plaintiffs have substantial, material evidence proving that CBS publicly performed "Have You Seen Her" by The Chi-Lites. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 14, 17-23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Sottolano Decl., at ¶¶ 6; Sottolano Depo., at 34:18-23; 36:11-14; 42:14-16; 80:23-81:8 (Ex. 5 to Block Decl.); Ex. 7; 13 to Block Decl.

99.    The copy (or copies) of the sound recording of "Have You Seen Her" by The Chi-Lites that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own  (Begault Decl. ¶ 110.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 99**:

Disputed. Geluso Decl., at ¶ 73.

100.   The differences between the sound recording(s) of "Have You Seen Her" by The Chi-Lites that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer.  (Begault Decl. ¶ 110; Inglot Decl. ¶¶ 13, 14, 25.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 100**:

Disputed. This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS. Geluso Decl., at ¶ 73.

101.   **_Oh Girl_**: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Oh Girl" by The Chi-Lites that plaintiffs claim to own.  (_See_ ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly

performed.…"); Malaco's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 101**:

Disputed. Plaintiffs have substantial, material evidence proving that CBS publicly

performed ""Oh Girl" by The Chi-Lites. Email from A. Gressel of January 7, 2016 including

attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 14, 17-23; Neiman

Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Sottolano

Decl., at ¶¶ 6; Sottolano Depo., at 34:18-23; 36:11-14; 42:14-16; 80:23-81:8 (Ex. 5 to Block

Decl.); Ex. 7; 13 to Block Decl.

102.    The copy (or copies) of the sound recording of "Oh Girl" by The Chi-Lites that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own  (Begault Decl. ¶ 112.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 102**:

Disputed. Geluso Decl., at ¶ 74.

103.    The differences between the sound recording(s) of "Oh Girl" by The Chi-Lites that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer.  (Begault Decl. ¶ 112; Inglot Decl. ¶¶  13, 14, 25.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 103**:

Disputed. This statement is not supported by the Begault and Inglot declaration

paragraphs cited by CBS. Geluso Decl., at ¶ 74.

104.    ***The Sly, Slick & The Wicked***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "The Sly, Slick & The Wicked" by The Lost Generation that plaintiffs claim to own.  (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at

25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Malaco's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 104**:

Disputed. Plaintiffs have substantial, material evidence proving that CBS publicly performed "The Sly, Slick & The Wicked" by The Lost Generation. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 17-23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl.

105.    The copy (or copies) of the sound recording of "The Sly, Slick & The Wicked" by The Lost Generation that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own  (Begault Decl. ¶ 113.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 105**:

Disputed. Geluso Decl., at ¶ 89.

106.    The differences between the sound recording(s) of "The Sly, Slick & The Wicked" by The Lost Generation that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer.  (Begault Decl. ¶ 113; Inglot Decl. ¶¶ 13, 14, 25.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 106**:

Disputed. This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS. Geluso Decl., at ¶ 89.

107.    ***Soulful Strut***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Soulful Strut" by The Young-Holt Unlimited that plaintiffs claim to own.  (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound

recordings listed on Schedule A1 CBS publicly performed.…"); Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Malaco's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 107**:

Disputed. Plaintiffs have substantial, material evidence proving that CBS publicly performed "Soulful Strut" by The Young-Holt Unlimited. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 14, 17-23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Sottolano Decl., at ¶¶ 6; Sottolano Depo., at 34:18-23; 36:11-14; 42:14-16; 80:23-81:8 (Ex. 5 to Block Decl.); Ex. 7; 13 to Block Decl.

108.    The copy (or copies) of the sound recording of "Soulful Strut" by The Young-Holt Unlimited that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own  (Begault Decl. ¶ 114.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 108**:

Disputed. Geluso Decl., at ¶ 95.

109.    The differences between the sound recording(s) of "Soulful Strut" by The Young-Holt Unlimited that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer.  (Begault Decl. ¶ 114; Inglot Decl. ¶¶ 13, 14, 25.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 109**:

Disputed. This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS. Geluso Decl., at ¶ 95.

110. ***Can I Change My Mind***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Can I Change My Mind" by Tyrone Davis that plaintiffs claim to own. (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Malaco's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 110**:

Disputed. Plaintiffs have substantial, material evidence proving that CBS publicly performed "Can I Change My Mind" by Tyrone Davis. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 17-23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl.

111. The copy (or copies) of the sound recording of "Can I Change My Mind" by Tyrone Davis that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own (Begault Decl. ¶ 115.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 111**:

Disputed. Geluso Decl., at ¶ 90.

112. The differences between the sound recording(s) of "Can I Change My Mind" by Tyrone Davis that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. (Begault Decl. ¶ 115; Inglot Decl. ¶¶ 13, 14, 25.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 112**:

Disputed. This statement is not supported by the Begault and Inglot declaration

paragraphs cited by CBS. Geluso Decl., at ¶ 90.

113. ***Turn Back The Hands Of Time***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Turn Back The Hands Of Time" by Tyrone Davis that plaintiffs claim to own. (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Malaco's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 113**:

Disputed. Plaintiffs have substantial, material evidence proving that CBS publicly

performed "Turn Back the Hands of Time" by Tyrone Davis. Email from A. Gressel of January

7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 17-

23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.);

Ex. 7; 13 to Block Decl.

114. The copy (or copies) of the sound recording of "Turn Back The Hands Of Time" by Tyrone Davis that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own (Begault Decl. ¶ 118.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 114**:

Disputed. Geluso Decl., at ¶ 93.

115. The differences between the sound recording(s) of "Turn Back The Hands Of Time" by Tyrone Davis that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. (Begault Decl. ¶ 118; Inglot Decl. ¶¶ 13, 14, 25.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 115**:

Disputed. This statement is not supported by the Begault and Inglot declaration

paragraphs cited by CBS. Geluso Decl., at ¶ 93.

116. **_Groove Me_**: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Groove Me" by King Floyd that plaintiffs claim to own. (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Malaco's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 116**:

Disputed. Plaintiffs have substantial, material evidence proving that CBS publicly

performed "Groove Me" by King Floyd. Email from A. Gressel of January 7, 2016 including

attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 10, 17-23; Neiman

Decl., at ¶ 11; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to

Block Decl.

117. The copy (or copies) of the sound recording of "Groove Me" by King Floyd that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own (Begault Decl. ¶ 119.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 117**:

Disputed. Geluso Decl., at ¶ 61.

118. The differences between the sound recording(s) of "Groove Me" by King Floyd that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to

non-mechanical processes undertaken by a sound engineer.  (Begault Decl. ¶ 119; Inglot Decl. ¶¶ 13, 14, 25.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 118**:

Disputed.  This statement is not supported by the Begault and Inglot declaration

paragraphs cited by CBS.  Geluso Decl., at ¶ 61.

119.  ***In the Upper Room***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "In the Upper Room" by Mahalia Jackson that plaintiffs claim to own. (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Malaco's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 119**:

Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly

performed "In the Upper Room" by Mahalia Jackson. Email from A. Gressel of January 7, 2016

including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 10, 17-23;

Neiman Decl., at ¶ 11; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7;

13 to Block Decl.

120.  The copy of the sound recording of "In The Upper Room" by Mahalia Jackson that CBS possesses is of an entirely different performance than, and is not the same recording as, the original pre-1972 recording plaintiffs claim to own. (Begault Decl. ¶ 120.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 120**:

Undisputed.

121. ***His Eye Is On The Sparrow***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "His Eye Is On The Sparrow" by Mahalia Jackson that plaintiffs claim to own. (*See* ABS's Responses To CBS's First Set of Interrogatories, Strabone Decl. Ex. 11 at 24:26-25:7 ("ABS has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Barnaby's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 12 at 25:26-26:3 ("Barnaby has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Brunswick's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 13 at 27:26-28:3 ("Brunswick has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Malaco's Responses to CBS's First Set of Interrogatories, Strabone Decl. Ex. 14 at 22:5-22:9 ("Malaco has no actual, first-hand knowledge of which of the pre-1972 sound recordings listed on Schedule A1 CBS publicly performed.…"); Sottolano Decl. ¶ 3 (CBS has no records of broadcasts); Neiman Decl. ¶ 4 (CBS has no records of source of sound recordings); Sottolano Decl. ¶ 9 (CBS has no records of source of sound recordings).)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 121**:

Disputed. Plaintiffs have substantial, material evidence proving that CBS publicly performed "His Eye Is On the Sparrow" by Mahalia Jackson. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 10, 17-23; Neiman Decl., at ¶ 11; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl.

122. The copy of the sound recording of "His Eye Is On The Sparrow" by Mahalia Jackson that CBS possesses is of an entirely different performance than, and is not the same recording as, the original pre-1972 recording plaintiffs claim to own. (Begault Decl. ¶ 122.)

**RESPONSE AND SUPPORTING EVIDENCE TO NO. 122**:

Undisputed.

DATED: April 8, 2016                    MILLER LAW LLC

                                        By*:       /s/ Marvin A. Miller*
                                                Marvin A. Miller
                                        MARVIN A. MILLER
                                        (MM9210)
                                        mmiller@millerlawllc.com
                                        ANDREW SZOT
                                        (admitted *pro hac vice*)
                                        aszot@millerlawllc.com
                                        KATHLEEN E. BOYCHUCK
                                        (admitted *pro hac vice*)
                                        kboychuck@millerlawllc.com
                                        115 S. LaSalle St., Suite 2910
                                        Chicago, IL 60603
                                        T: (312) 332-3400; F: (312) 676-2676

                                        MCKOOL SMITH HENNIGAN, P.C.

                                        By*:       /s/ Alan P. Block*
                                                Alan P. Block
                                        RODERICK G. DORMAN
                                        (admitted *pro hac vice*)
                                        rdorman@mckoolsmithhennigan.com
                                        ROBERT E. ALLEN
                                        (admitted *pro hac vice*)
                                        rallen@mckoolsmithhennigan.com
                                        LAWRENCE M. HADLEY
                                        (admitted *pro hac vice*)
                                        lhadley@mckoolsmithhennigan.com
                                        ALAN P. BLOCK
                                        (admitted *pro hac vice*)
                                        ablock@mckoolsmithhennigan.com
                                        300 South Grand Avenue, Suite 2900
                                        Los Angeles, CA 90071
                                        T: (213) 694-1200; F: (213) 694-1234

                                        *Attorneys for Plaintiffs*