

115 South LaSalle Street   Suite 2910   Chicago, Illinois 60603

Tel: 312.332.3400   Telecopier: 312.676.2676

Marvin A. Miller
mmiller@millerlawllc.com
(Also admitted in New York)

June 13, 2016

**VIA ECF FILING**
The Honorable John G. Koeltl
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:   *ABS Entertainment, Inc. et al. v. CBS Corporation, et al.*
          (Case No. 1:15-cv-06801-JGK)

Dear Judge Koeltl:

      Plaintiffs ABS Entertainment, Inc., Barnaby Records, Inc., Brunswick Record Corporation, and Malaco, Inc., respectfully provide this response to the June 1 and 3, 2016 letters (Docs. 118-119) provided by Defendants CBS Corporation and CBS Radio, Inc. regarding the Central District of California decision in *ABS Entertainment, Inc., et al v. CBS Corporation, et. al.*, Case No. 15-cv-06257 PA (AGRx).  For at least the following reasons, the California decision is not persuasive authority and the California judgment is neither binding on this Court nor bars this Court from reaching a different decision in this case.

      *First*, the California court did not follow the express language of the Copyright Act.  Under the Copyright Act, even if a pre-1972 sound recording is remastered after 1972 with original, "new matter," any copyright protection in the remaster is limited to the *new* material added.  17 U.S.C. § 103(b) ("The copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material. The copyright in such work is independent of, and does not affect or enlarge the scope, duration, ownership, or subsistence of, any copyright protection in the preexisting material.").  Thus, any new federal copyright in a remastered recording cannot extend to pre-1972 recorded sounds, which remain the property of the pre-1972 recording's owner.

      In this case, CBS's own expert admitted that the pre-1972 recorded sounds were "embedded" in CBS's remastered copies.  Although the California court *agreed* that any federal copyright protection could only extend to any new, original matter included in the remastered copies, it found, without any analysis, that section 114 of the Copyright Act granted CBS a "compulsory license" to play Plaintiffs' pre-1972 embedded sounds.  (Doc. 104 at 15.)

      This was plain error:  The federal Copyright Act cannot confer a license on pre-1972 sounds that are expressly excluded from the scope of the Copyright Act, even if those sounds are combined with post-1972 recorded sounds.  All musical "sounds" embodied on a material object prior to

February 15, 1972, fall outside the scope of the Copyright Act even if those musical sounds are copied onto a different material object after 1972 with or without new material.  So long as the same musical sounds remain embodied in the later-made version, the later version is still a pre-1972 sound recording outside the purview of federal copyright law.  17 U.S.C. §§ 101, 301(c).  *See also* Keziah, Registration Problems Encountered By The Copyright Office Under the Recent Sound Recording Amendment, 20 Bull. Copr. Soc'y 3, Item 2 at 15 (1972) ("In other words, statutory copyright in a particular sound recording cannot be secured . . . in any sounds that were *fixed* before *February 15, 1972*….") (emphasis in original).  Otherwise, any pre-1972 sound recording could be confiscated from its owner by adding new, original matter on a copy and obtaining a federal copyright on the entire combined package.  That simply cannot be the law.[1]

*Second*, the California court declined to follow New York law set forth in the *Naxos* case.  *Capitol Records, Inc. v. Naxos of Am., Inc.*, 372 F.3d 471, 481 (2d Cir. 2004); *Capitol Records, Inc. v. Naxos of Am., Inc.*, 4 N.Y.3d 540, 564-65 (2005) (holding that remastered "pre-1972 recordings" did not create "a new product" beyond the reach of New York common law protection).

*Third*, the California court *agreed* that federal copyright protection could not extend to the remastered copies without Plaintiffs' authorization to create copyrighted derivative works from their pre-1972 recordings.  In this case, CBS provided no evidence of such authorization and only offered the declaration of Mr. Inglot—Rhino's remastering engineer—who admitted that he did not have authorization to create derivative works from Plaintiffs' sound recordings.  Although CBS could not make a *prima facie* case of federal copyright protection without evidence of authorization, Plaintiffs still submitted declarations from all four Plaintiffs, along with the two licensees responsible for the remastered recordings (Rhino and Fat Possum)—all of whom testified that Plaintiffs never authorized sound engineers to alter their recordings in a manner sufficient to create a copyrightable derivative work.  CBS provided no evidence to the contrary.

*Fourth*, the California court found that Plaintiffs did not satisfy their burden of showing that CBS publicly performed Plaintiffs' pre-1972 sound recordings in California.  Even if the California court were correct,[2] it has no bearing on this case.  The evidence in this case shows that CBS has played Plaintiffs' pre-1972 sound recordings through servers located in New York by (1) simulcasting every song played from its terrestrial radio stations, and (2) streaming from its "exclusive" Internet radio stations.

---

[1] Relying on *Maljack Prods., v. UAV Corp.*, 964 F. Supp. 1416, 1428 (C.D. Cal. 1997) (a case that only addressed a pre-existing federally protected work, not a pre-1972 recording), the California court further read 17 U.S.C. § 114(b) as expanding new copyright protection to a "derivative work in which the actual sounds fixed in the [prior] sound recording are rearranged, remixed or otherwise altered in sequence or quality."  Doc. 104 at 11 (internal citations and quotations omitted).  Earlier this month, however, the Ninth Circuit disagreed that § 114(b) provides for any expansion of new copyright protection in sound recordings, instead finding that § 114(b), in its entirety, imposes "an express *limitation* on the rights of a copyright holder," and that "Congress intended § 114 to limit, not to expand, the rights of copyright holders."  *VMG Salsoul, LLC v. Ciccone*, 2016 U.S. App. LEXIS 10017 at *23, *26 (9th Cir. June 2, 2016).  Thus, consistent with § 103(b), and contrary to the reasoning in both *Maljack* and the California court's decision, rearranging, remixing or altering a sound recording in sequence or quality does *not* create a "protectable new work" in the preexisting material under § 114(b).

[2] Plaintiffs will be filing a motion for reconsideration on this issue in the Central District of California.  If Plaintiffs' motion for reconsideration is unsuccessful, Plaintiffs will appeal to the Ninth Circuit.

   *Fifth*, collateral estoppel does not apply to the California judgment.  CBS has the burden of proving that the issues are identical and were necessarily decided in the prior action.  *Kulak v. City of New York*, 88 F.3d 63, 72 (2nd Cir. 1996).  CBS made no such showing.  Nor could it:  The California court never raised, litigated or decided whether the remastered copies are "new works" outside the protection of New York common law.[3]  Likewise, whether CBS broadcasted Plaintiffs' pre-1972 sound recordings in New York was never raised, litigated or decided in the California case.  Finally, Plaintiffs did not have "full and fair opportunity" to litigate the issues raised in CBS's motion.  The California court struck the entire analysis of Plaintiffs' expert even though CBS's own expert relied on similar analyses.  The California court also rejected and failed to consider the undisputed evidence showing that no licensee had authorization to create copyrightable derivative works from Plaintiffs' pre-1972 sound recordings.  Thus, this Court can and should address the issues raised in CBS's motion on the merits.

DATED:  June 13, 2016        By:  /s/ *Marvin A. Miller*
                    Marvin A. Miller

                    **MILLER LAW LLC**
                    Marvin A. Miller (admitted in New York)
                    mmiller@millerlawllc.com
                    Andrew Szot (admitted *pro hac vice*)
                    aszot@millerlawllc.com
                    Kathleen E. Boychuck (admitted *pro hac vice*)
                    kboychuck@millerlawllc.com
                    115 S. LaSalle Street, Suite 2910
                    Chicago, IL 60603
                    T: (312) 332-3400; F: (312) 676-2676

                    **MCKOOL SMITH**
                    Roderick G. Dorman (admitted *pro hac vice*)
                    rdorman@mckoolsmithhennigan.com
                    Lawrence M. Hadley (admitted *pro hac vice*)
                    lhadley@mckoolsmithhennigan.com
                    Robert E. Allen (admitted *pro hac vice*)
                    rallen@mckoolsmithhennigan.com
                    Alan P. Block (admitted *pro hac vice*)
                    ablock@mckoolsmithhennigan.com
                    One California Plaza
                    300 South Grand Avenue, Suite 2900
                    Los Angeles, CA 90071
                    T: (213) 694-1200; F: (213) 694-1234

                    *Attorneys for Plaintiffs*

---

[3] The Second Circuit's decision in *Naxos* to certify to the New York Court of Appeals this same issue confirms that whether a pre-1972 sound recording remains protectable under New York common law after remastering is a question of New York state law.